United States Bankruptcy Court
Northern District of Illinois
Eastern Division

In re:

Samuel David Prawer,

Debtor.

Bankruptcy No. 14-bk-523

Chapter 13

## MEMORANDUM OPINION ON TRUSTEE'S MOTION TO DISMISS FOR INELIGIBILITY

Section 109(e) of the Bankruptcy Code (Title 11, U.S.C. § 109(e)) provides that a debtor is not eligible to file a Chapter 13 case if, on the date of the petition, that individual's noncontingent, liquidated, unsecured debt exceeds $383,175. Samuel David Prawer, ("Debtor") filed a petition seeking bankruptcy relief under Chapter 13. In his Schedules F and D, Debtor listed $984,486 of unsecured debt, most of which was listed as contingent, unliquidated, and disputed. Tom Vaughn, the Chapter 13 trustee, ("Trustee") moved to dismiss for ineligibility, arguing that those scheduled debts are in fact not contingent, unliquidated, nor disputed. It is found through admissions by the Debtor that the enough of his debt is not contingent and liquidated to put Debtor over the debt limit provided in § 109(e), and he is ineligible for relief under Chapter 13. By separate order, Trustee's motion to dismiss under § 109(e) is allowed and the case will be dismissed.

## DISCUSSION

### JURISDICTION

Jurisdiction over this motion to dismiss the bankruptcy case is provided by 28 U.S.C. § 1334. The matter is referred here by Internal Procedure 15(a) of the District Court for the Northern District of Illinois. This contested motion arises under § 109(e) and § 1322(b)(2) of the bankruptcy code, and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(A). It seeks to determine the eligibility of a debtor for relief under the

Code and thus "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

PROCEDURAL HISTORY AND FACTS ADMITTED BY THE DEBTOR

In Schedule F, Debtor listed $509,537 of unsecured debt, and in Schedule D, Debtor listed a further $474,949 as the unsecured portion of secured debt. In Schedule D Debtor listed $436,437 of unsecured debt as contingent and unliquidated, and in Schedule F listed $426,437 of unsecured portion of secured debt as contingent and unliquidated, leaving a total of $121,612 of noncontingent, liquidated, unsecured debt: well under the limit. The Trustee disputes that any of Debtor's unsecured debts are in fact contingent and unliquidated. The Debtor filed a response to Trustee's motion opposing dismissal (Dkt. 63), the Bank filed a brief in support of Trustee (Dkt. 81), and Trustee filed a reply (Dkt. 83). At a hearing on August 6, 2014, Debtor was ordered to file an answer to the Bank's proof of claim. (Dkt. 92.)

Instead of answering the Bank's proof of claim (Claim 4-1), Debtor answered the Bank's response. Debtor's attorney represented in court that in fact the answer was to the proof of claim, but it only appears to be an answer to the response as a result of a difficulty with the court's CM/ECF system. That cannot be the case since the Debtor's pleading recites numbered paragraphs from the Bank's response, and answers them in turn. No matter, since the Bank's response alleged all of the relevant facts in the proof of claim, so we have Debtor's response thereto.

In his Answer, Debtor admitted that he is the maker of a note evidencing a loan secured by real property located at 6117 North Central Park Avenue in Chicago, Illinois, (the "Central Park Property") but denied the amount owed and the value of the collateral. In his Schedule D, Debtor scheduled a claim by the Bank secured by the Central Park Property for $345,000, secured by $300,000 of collateral value. Moreover, that debt is scheduled as not contingent and not unliquidated.

2

Debtor also admitted that he is the maker of a note evidencing a loan secured by real property located at 3700 South Iron Street in Chicago, Illinois (the "Iron Street Property"), that he was the sole borrower under that loan, and that he made his last payment on that loan in 2010. Further, Debtor affirmatively stated that nonpayment on the loan was the result of a dispute between Lask Seating, Inc., a company Debtor owned, and the Bank. Debtor denied the amount owed on the loan, but admitted that the property sold for $375,000, which netted the Bank $240,804.65. In his Schedule D, Debtor listed a claim of the Bank secured by 3700 South Irons for $801,437, with $426,437 unsecured.

Debtor also raised affirmative defenses, alleging that in June, 2010, the Bank improperly declared a default and froze all of Lask Seating Inc.'s assets, and that a receiver appointed at the behest of the Bank failed to winterize the property properly, resulting in damage to the property.

### ELIGIBILITY TO FILE CHAPTER 13 BANKRUPTCY UNDER § 109(e)

Section 109(e) of the Bankruptcy Code provides that a debtor is not eligible to file a Chapter 13 case if, on the date of the petition, that individual's noncontingent, liquidated, unsecured debt exceeds $383,175. A debt is contingent if "those claims which depend either as to their existence or their amount on some future event which may not occur at all or may not occur until some uncertain time." *In re Albano*, 55 B.R. 363, 366 (N.D. Ill. 1985) (Shadur, J.). A guarantee is a typical example of a contingent debt. *Id.* "If the amount of a claim has been ascertained or can readily be calculated, it is liquidated – whether contested or not." *Matter of Knight*, 55 F.3d 231, 235 (7th Cir. 1995). "Merely because a debtor disputes a debt, or has defenses or counterclaims, that does not render that debt contingent or unliquidated." *Albano*, 55 B.R. at 368.

Here, the debt secured by the Central Park Property and the Iron Street Property are not contingent and are liquidated. The debts are not contingent because there is no future event that would trigger liability on the loans. Debtor argues that the debt is

3

contingent because he is the guarantor, not the borrower. However, since Debtor has admitted that he is the maker of the notes evidencing the loans, he is liable on that debt. The debts are liquidated despite the fact that the Bank has asserted one amount and the Debtor has asserted another; no matter which is correct the amount can be readily calculated. A bank loan, even when the value of the underlying security is disputable, is a liquidated debt for purposes of § 109(e). *In re Enriquez*, 315 B.R. 112, 122 (Bankr. N.D. Cal. 2004). If Debtor's scheduled values are taken as correct, the unsecured portion of only the Iron Street Property loan of $426,437 is by itself higher than the unsecured debt limit of $383,175.

## CONCLUSION

For the foregoing reasons, Trustee is correct that Debtor's relevant scheduled debts are in fact noncontingent and liquidated. As a result, his unsecured debt is above the debt limit under 11 U.S.C. § 109(e), and he is ineligible for relief under Chapter 13. Accordingly, this bankruptcy case will be dismissed unless Debtor converts to a Chapter 7 or Chapter 11. A separate order to that effect will enter.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated September 22, 2014.